[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11723

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELDRED DONELL EADY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cr-00086-MHC-1

————————————————

Before NEWSOM, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Eldred Donell Eady appeals his sentence of 90 days' imprisonment and 4 years' supervised release imposed by the district court upon revocation of his original term of supervised release. Eady argues that his sentence was substantively unreasonable because the district court failed to properly balance the 18 U.S.C. § 3553(a) factors. Having read the parties' briefs and reviewed the record, we affirm Eady's sentence.

## I.

"We review the substantive reasonableness of a sentence, including a sentence imposed upon revocation of supervised release, under a deferential abuse of discretion standard considering the totality of the circumstances." *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging a sentence bears the burden of establishing that it is unreasonable considering the facts and the § 3553(a) factors. *Id.* at 1337-38.

## II.

A district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of their supervised release, revoke that supervised release and impose a new term of imprisonment after considering certain § 3553(a) factors. 18 U.S.C. § 3583(e)(3). Those factors include "the nature and circumstances of the offense and the history and characteristics of the

defendant;" the need for the sentence to deter criminal conduct and protect the public from further crimes; the kinds of sentences available; and the guidelines. *See id*. §§ 3583(e), 3553(a).

The district court "abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Id.* at 1191. Further, while "[a] district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence," the weight accorded to any given factor "is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations omitted). Finally, we will reverse only if we are left with a "definite and firm conviction" that the district court imposed a substantively unreasonable sentence. *Irey*, 612 F.3d at 1190 (quotation omitted).

### III.

The record here demonstrates that Eady's sentence is substantively reasonable because the district court considered the § 3553(a) factors, as well as numerous facts relevant to several of those factors. Specifically, the district court considered Eady's prior performance on supervised release, the time he had spent in custody, and his remorse and desire to seek help. We conclude that

4                      Opinion of the Court                    24-11723

the district court acted within its discretion in balancing those considerations and, as such, did not abuse its discretion in imposing the new sentence.  Accordingly, based on the aforementioned reasons, we affirm Eady's sentence. [1]

      **AFFIRMED.**

---

[1] Additionally, we grant Eady's motion for leave to file his reply brief out of time to address the government's argument that his appeal is moot.  We note that Eady's substantive reasonableness challenge is not moot, even if he served his 90-day sentence, because his new sentence included a new term of supervised release that involves some restrictions upon his liberty.  *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995).